## LOWERY, et al v. DADE COUNTY, et al.
No. 71-1858.
Circuit Court, Dade County.
February 11, 1971.

Ellis S. Rubin, Miami, for the plaintiffs.

Thomas C. Britton, County Attorney, Joseph Komansky, Assistant County Attorney, for the defendants.

Phillip A. Hubbart, Public Defender, for the intervenors.

Bennett H. Brummer, Miami, for the American Civil Liberties Union, amicus curiae.

Irwin Block, Miami, for the Florida Bar, amicus curiae.

JAMES W. KEHOE, Circuit Judge.

*Final judgment:* This cause coming on for final hearing on the complaint, the complaint in intervention, and the answers filed thereto, the court having heard testimony and argument and being fully advised in the premises, finds as follows —

### FINDINGS OF FACT

1. The Dade County jail is greatly overcrowded. The maximum number of inmates it can possibly house on a constitutionally tolerable basis is 600 whereas there are approximately 900 housed there at this time. Many inmates sleep on the floors, some without even mattresses.

2. Inmates, who have not yet been tried or convicted of any offense are burned, sexually assaulted, beaten, abused and mistreated by fellow inmates.

3. Living conditions in the jail are unsafe and adequate security provisions are not provided for the inmates.

4. The lives, safety and health of the inmates of the jail are in imminent danger.

5. The rule of the jungle exists in the cells where might is right, resulting in many prisoners being denied the food necessary to sustain life.

6. The medical treatment given to inmates when the doctors finally see them is adequate, although the method for determining what inmates require medical visits, care and treatment is inadequate. There are no adequate facilities for dental treatment.

7. There is an inadequate system of classification for prisoner assignments to cells.

8. Cleanliness and sanitation in the cells, is inadequate.

9. The quality of the food is adequate although a problem exists in that the food is frequently served cold.

10. There is no recreational program or facilities. Some inmates have been in their cells for months without having the benefit of of any recreation.

11. There is no system by which inmates can voice complaints to jail officials.

### CONCLUSIONS OF LAW

1. This court has jurisdiction over the parties and the subject matter of this cause and this lawsuit is a proper class action.

2. The above conditions at the Dade County jail stated in the findings of fact constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 17 of the Florida Constitution.

3. *No individual or group of individuals can alone be blamed for this condition which has been brought about by years of public apathy, but which this court can no longer tolerate.*

It is thereupon ordered and adjudged that —

The defendant shall reduce the prisoner population of the Dade County jail in accordance with the following schedule —

A. Reduce the figure of approximately 900 inmate population to 800 within 48 hours.

B. Reduce the figure of inmate population to 700 within five days.

C. Reduce the figure of inmate population to 600 within 10 days, and thereafter not allow the inmate population to exceed 600 without further order of this court.

The defendant shall, within 30 days, submit to this court a constitutionally acceptable plan to eliminate the above unconstitutional conditions and practices at the Dade County jail which this court has found to be cruel and unusual punishment.

If the defendant fails to comply with this order, this court shall proceed to conduct hearings in this cause to determine which, if any, of the plaintiffs and intervenors or any member of the class

shall be released in their own recognizance pending their respective trials or hearings before the criminal court of record or the justice of the peace court.

If the initial plan is approved the court may require periodical reports from time to time to determine whether said plan is being carried out. If the initial plan is not approved, it will then become necessary for the court to consider what specific steps, if any, it will take to implement this determination of the unconstitutionality of the existing conditions and practices at the Dade County jail.

The court expressly retains jurisdiction of the cause for all of the above appropriate purposes.